**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TYRONE DANIELS, | |
| Petitioner, | Civil Action No. 09-3279 (JBS) |
| v. | |
| | **OPINION** |
| SHAWN THOMAS, et al., | |
| Respondents. | |

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Tyrone Daniels
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays landing, NJ 08330

**SIMANDLE,** District Judge

Petitioner Tyrone Daniels, a pre-trial detainee currently confined at Atlantic County Justice Facility in Mays Landing, New Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]  The respondents are Warden Shawn Thomas and the Attorney General of the State of New Jersey.

Because it appears that Petitioner is not entitled to issuance of the writ, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner was convicted in the Superior Court, Law Division, Atlantic County, of first-degree armed robbery and related offenses, arising out of an incident that occurred on August 30, 2004.  See State v. Daniels, 2008 WL 2122359 (N.J. Super., App. Div. May 21, 2008).

---

[1] Although Petitioner styled his Petition as one pursuant to § 2254, which permits a district court to entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court, a pre-trial petition such as this one is properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.  See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 503-04 (Rehnquist, J., dissenting) (1973); Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956 (1987).

Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

By Opinion and Order dated May 21, 2008, the Appellate Division reversed his conviction and remanded the matter for a new trial.  Id.  Petitioner alleges that he has remained in custody since that date, awaiting his new trial.  Thus, he is now a pre-trial detainee.

Petitioner alleges that he has "persistently" sought to exercise his Sixth Amendment right to a speedy trial.  He does not allege the manner in which he has sought to assert his right to a speedy trial.  Conversely, he alleges that he has not exhausted his state remedies, because any effort to exhaust his state remedies would be "futile" in light of the New Jersey Supreme Court's purported "suspension" of speedy trial rights. Petitioner does not cite the manner or source of such alleged "suspension."

Petitioner does not state what relief he seeks from this Court.[2]

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that

---

[2] The Court notes that the only proper relief to be sought would be an order compelling trial.  See Braden, 410 U.S. at 491, 493; Moore, 515 F.2d at 445-46.

the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

Federal courts do have jurisdiction, pursuant to 28 U.S.C. § 2241, to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding.  Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

4

(1)  federal courts have "pre-trial" habeas corpus
     jurisdiction;

(2)  that jurisdiction without exhaustion should not be
     exercised at the pre-trial stage unless
     extraordinary circumstances are present ... ;

(3)  where there are no extraordinary circumstances and
     where petitioner seeks to litigate the merits of a
     constitutional defense to a state criminal charge,
     the district court should exercise its "pre-trial"
     habeas jurisdiction only if petitioner makes a
     special showing of the need for such adjudication
     and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d at 443.

Here, Petitioner seeks to litigate the merits of a
constitutional defense to a state criminal charge.  He admits
that he has not exhausted his state remedies.  Nor does he allege
any "extraordinary circumstances" that would justify intervention
by a federal court at this time.  See Moore, 515 F.2d at 445-46
(there is nothing in the nature of the speedy trial right that
qualifies it as a per se "extraordinary circumstance").  The
allegation that the Supreme Court of New Jersey has "suspended"
the speedy trial right is too vague to merit relief.

IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or
judge issues a certificate of appealability, an appeal may not be
taken from a final order in a proceeding under 28 U.S.C. § 2254.
A certificate of appealability may issue "only if the applicant
has made a substantial showing of the denial of a constitutional
right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find debatable this Court's procedural ruling.  No Certificate of Appealability shall issue.

V.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  This Court makes no determination as to the merits of Petitioner's claims.  An appropriate order follows.

**s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge

Dated:  **July 9, 2009**

6